**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **FAGALE S. GRANT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CIVIL ACTION NO: 2:19-cv-58-KFP** |
| ) | |
| **ELMORE COUNTY BOARD OF** ) | |
| **EDUCATION; DALE BAIN; DAVID** ) | **ORAL ARGUMENT REQUESTED** |
| **JONES, LEISA FINLEY, WENDELL** ) | |
| **SAXON; MICHAEL MORGAN;** ) | |
| **KITTY GRAHAM; and JOEY HOLLEY** ) | |
| **in their Official and/or Individual** ) | |
| **capacities as members of the Elmore** ) | |
| **County Board of Education; and** ) | |
| **RICHARD DENNIS in his Official** ) | |
| **and/or Individual capacity as** ) | |
| **Superintendent of Education for the** ) | |
| **Elmore County Board of Education,** ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Plaintiff Fagale S. Grant, hereinafter "Plaintiff Grant", by and through

the undersigned counsel, and hereby respectfully submits her "Plaintiff's Response in Opposition

to Defendant's Joint Motion for Summary Judgment". There are genuine issues of material fact

that preclude summary judgment at this point. In support of this motion, Plaintiff states as

follows:

<u>INTRODUCTION</u>

This is an action alleging race discrimination and age discrimination in violation of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, ~ ("Title VII");

and the Americans with Disabilities Act 42 USC§ 12101, et. seq. ("ADA"); and the

Rehabilitation Act of 1973, 29 U .S.C. § 710 et seq. ("Rehab Act"); and the Age

Discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §

621, *et seq.* ("ADEA")against the Defendant Elmore County Board of Education ("the

Board").  Plaintiff Grant additionally alleges violations of 42 U.S.C. § 1981 against all

Defendants; and constitutional violations including the First Amendment of the United

States Constitution pursuant to 42 U.S.C. 1983 against the individual Defendants Dale

Bain, David Jones, Leisa Finley, Wendell Saxon, Michael Morgan, Kitty Graham, Joey

Holley, and Richard Dennis. Plaintiff is seeking injunctive, equitable and monetary relief

pursuant to applicable law.

By and through its acts and omissions, the Board and Board employees frustrated

and prevented Plaintiff Grant's ability to complete and receive disability retirement

benefits prior to her completed application for disability retirement and the Board's

removal of Plaintiff Grant from service.  In February 2017, Plaintiff Grant contacted

Board employee Dana James, ECBOE Payroll Coordinator, regarding RSA disability

retirement. Ms. James had advised Plaintiff Grant that an application for RSA retirement

disability could not be initiated until sometime in March 2017.

On March 27, 2017. at its regular Board meeting, by majority vote, invoked the

alleged retirement of Plaintiff Grant based solely on solely on her February 7, 2017,

response, without proper notice to Plaintiff, and, importantly, without a letter of

resignation. On April 10, 2017, RSA advised Plaintiff Grant and Board employee Dana

James of deficiencies regarding Plaintiff's medical information to satisfy the RSA

requirement for disability retirement. Plaintiff Grant was given an opportunity to

supplement said medical information. Thereafter, Plaintiff Grant attempted to supplement

her medical information for her RSA disability retirement application.

Plaintiff Grant, however, was not aware of the then Board's recent acts and

omissions, Plaintiff Grant had not received proper notice by the Board that she had been

removed from its service under contract. On or about July 18, 2017, by telephone call,

Plaintiff Grant was informed by the retirement system that Plaintiff Grant had been

removed from service by the Board and as a result Plaintiff Grant's disability retirement

could not be processed.

Because of the Defendants' actions, Plaintiff Grant suffered an adverse

employment action.  Defendants' acts and omission were pretext to discriminate against

Grant because of her African-American race, disabilities, and age. To date, Plaintiff Grant

has been unable to complete and or receive disability retirement benefits from the State of

Alabama, greatly damaging the Plaintiff.

## STATEMENT OF RELEVANT FACTS AND OPPOSITION TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

Plaintiff Fagale S. Grant, African American, now over forty years of age, was hired by

the ECBOE as an Art Teacher at Wetumpka High School in or about August 1997. (Plaintiff's

Exhibit 2, Complaint, ¶¶18-19.  Plaintiff Grant has been employed approximately twenty years

by the Defendant Board with her race, disabilities, and age known by all Defendants at all times

material. (Id.).

On or about January 10, 2017, Plaintiff Grant received a letter from the Board requesting

her prospective status during the 2017-2018 school year.  On or about February 7-8, 2017,

Plaintiff Grant responded by letter and checking the answer box on the January 10, 2017, Board letter which states: "I plan to retire at the end of the 2016-2017 school year. (Attach Letter)" (Grant Depo., February 21, 2020, pp. 210:3-19).

Plaintiff Grant's response was only a statement of intent of plan to retire at the end of the 2016-2017 school year and not an unequivocal statement of immediate voluntary retirement and her attached letter was provided simply to satisfy the Board's request. (Plaintiff's Exhibit 1, Grant Affidavit). Plaintiff Grant provided the response only to indicate that she was merely considering retirement and expected an opportunity to finalize a decision to retire after full consideration. (Grant Depo., February 21, 2020, pp. 210:3-19). The Board removed Plaintiff Grant from service based solely on her February 8, 2017, response to the Board's inquire at the beginning of the school term without proper notice to Plaintiff that such action would be taken.

The Elmore County Board of Education's Personnel Handbook states in pertinent part that:

**Resignations**
All employees must notify the Board 30 calendar days in advance of the next scholastic year if planning to resign. During the scholastic year, employee resignations require a 30-day written notice to the Elmore County BOE. Any employee resigning in any other manner than herein provided shall be deemed guilty of unprofessional conduct and the State Superintendent by authority of Section 16-24-1, *Code of Alabama*, is authorized to revoke or suspend the certificate of the employee.

Plaintiff's Exhibit 5, ECBOE Personnel Handbook, PP.16-17.

The EBOE Personnel Handbook describes a two-prong process by which an employee submits notice of planning to retire (with attached letter of intent) and subsequently a notice of resignation.

Plaintiff Grant never submitted an affirmative resignation letter in writing to the Elmore County Board of Education through the Superintendent. (Plaintiff's Exhibit 1- Grant Affidavit).

Plaintiff Grant only submitted a statement of intent of plan to retire at the end of the 2016-2017 school year with required intent of plan letter attached.

Plaintiff Grant first spoke to Principal Slater in May of 2017 regarding her plan to retire. At that meeting Principal Slater stated, "why don't you just resign." Principal Slater's statement indicates his knowledge that Plaintiff Grant had not yet submitted a letter of resignation. (Grant Depo., February 21, 2020, pp. 45:12-23).  Plaintiff Grant testified that she answered Principal Slater stating that she was not retiring and that she was in still in process of completing her RSA disability retirement application. (Grant Depo., February 21, 2020, pp. 45:12-23).

On or about June 2017, the Board hired a replacement Art Teacher in Plaintiff Grant's current position who was Caucasian, non-disabled, and substantially younger than Plaintiff Grant. (Grant Depo., February 21, 2020, pp. 94:1-23).

<u>STANDARD OF REVIEW</u>

When a court reviews a motion for summary judgment under Federal Rule of Civil Procedure 56, it must determine two things: (1) whether any genuine issues of material fact exist; and, if not, (2) whether the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56 (c).  To succeed, the moving party bears the burden of establishing both prongs of the summary judgment test.  The nonmoving party may defeat the motion for summary judgment by establishing either genuine issues of material fact or that the movant is not entitled to judgment as a matter of law.

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  <u>Celotex Corp. v. Catrett</u>, 477 U.S.

317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986) (quoting Fed. R. Civ. P. 56).

The party seeking summary judgment can meet this burden by offering evidence showing no dispute of material fact, or by showing that the nonmoving party's evidence fails to meet some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. Rule 56, however, does not require "that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." 477 U.S. at 323.

When the moving party has met his burden, Rule 56 (e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P 56 (e)). The responding party does not need to present evidence in a form admissible at trial; "however, he may not merely rest on his pleadings." 477 U.S. at 324.

In responding to a properly supported motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material fact." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986). If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 , 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986) (citations omitted); accord *Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989).

After both parties have addressed the motion for summary judgment, the court must grant the motion if no genuine issues of material fact exist and if the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). In reviewing the evidence submitted, the court must "view the evidence presented through the prism of the substantive evidentiary

6

burden," to determine whether the nonmoving party presented sufficient evidence on which the jury could reasonably find for the nonmovant. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1998). The court should not weigh the evidence, nor make determinations as to the credibility of witnesses because these decisions fall to the province of the jury. See *Anderson*, 477 U.S. at 255; *Stewart v. Booker T. Washington Ins. Co.*, 232 F.3d 844, 848 (11th Cir. 2000); *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). Thus, "the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. "The nonmovant need not be given the benefit of every inference but only of every reasonable inference." *Graham*, 193 F.3d at1282 (quoting *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n. 12 (11th Cir. 1988)).

It is not the district court's role to "weigh the evidence and determine the truth of the matter" but instead to determine whether there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

In *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133 (2000), the Supreme Court clarified that a prima facie case of discrimination, combined with evidence from which a jury could conclude that an employer's proffered justification was false, supported an inference of discrimination sufficient to defeat summary judgment. In other words, a plaintiff is not required to provide additional evidence that race was the true reason for the employment decision. The court must review all of the evidence in the record, not just the evidence favorable to the nonmoving party, *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 149-51 (2000); however, "it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Id*. at 151.

Case 2:19-cv-00058-JTA   Document 57-1   Filed 08/10/21   Page 8 of 19


Thus, "the court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" Id. (quoting 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529, at 300 (2d ed. 1995)).

Finally, a court must deny the employer's motion for summary judgment if a genuine dispute exists even on just one material fact. In the absence of such a dispute, which is rare in employment discrimination cases, the question before a court (per the *Anderson* decision) is not whether it "thinks the evidence unmistakably favors one side or the other, but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented."

With these principles in mind, employment discrimination cases are inherently ill-suited for dismissal at the summary judgment stage because issues of intent and state of mind typically predominate. Nevertheless, in filing for summary judgment, it's not uncommon for employers to ask a judge to drawn inferences in their favor and present evidence that, although may be arguably favorable, clearly falls within the province of the trier of fact.

This case turns on subtle questions of credibility and intent that only a factfinder faced with a live witness should decide.  While acknowledging that questions of fact in job discrimination cases are "both sensitive and difficult" and "[t]here will seldom be 'eyewitness' testimony as to the employer's mental processes," the Supreme Court has told us that "none of this means that trial courts or reviewing courts should treat discrimination differently from other ultimate questions of fact." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 524, 113 S.Ct. 2742, 2756, 125 L.Ed.2d 407 (1993) (quoting *Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711, 716, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983)). And quite recently, the Court rejected a rule which would have made it easier for job discrimination plaintiffs to get their case to a jury,

explaining that "[t]o hold otherwise would be effectively to insulate an entire category of employment discrimination cases from review under Rule 50, and we have reiterated that trial courts should not treat discrimination differently from other ultimate questions of fact." *Reeves*, 120 S.Ct. at 2109 (internal quotation and citation omitted).

The long and short of it is that the summary judgment rule applies in job discrimination cases just as in other cases. No thumb is to be placed on either side of the scale. Chapman v AI Transport, 229 F.3d 1012 (11th Cir. 2000).

<u>ARGUMENT</u>

**Plaintiff Grant's claims under Title VII, ADA, and the ADEA were timely filed.**

The 90-day time limit is established by the plaintiff's actual receipt of the mailed notice letter from the EEOC. *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005). Plaintiff Grant received her notice letter on October 20, 2018.  As evidentiary support, Plaintiff Grant has sworn to such date of receipt in her Affidavit, attached and marked for identification a Plaintiff's Exhibit 1.  Additionally, included in Plaintiff Grant's Affidavit is her email to counsel advising her receipt of said notice on October 20, 2018, attached and marked for identification as Affiant's Exhibit A.

Given that Plaintiff Grant' actual receipt of the mailed notice letter from the EEOC was October 20, 2018, the deadline for filing a federal district court lawsuit in this case was October 18, 2019.  Thus, Plaintiff Grant's filing of October 17, 2019, was timely filed.

Therefore, because Plaintiff Grant has plainly demonstrated her filing was timely filed under facts and law, the Defendants' argument fails.

**Plaintiff Grant has established a prima facie case under Title VII Race Discrimination.**

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The plaintiff bears the burden of establishing a prima facie case of race discrimination. See *Holifield v. Reno*, 115 F.3d 1555, 1561 (11th Cir. 1997). That can be done with either direct or circumstantial evidence. *Id.* at 1561-62.

In this case, as in most cases, the plaintiffs rely on circumstantial evidence. Claims based on circumstantial evidence typically use the familiar burden-shifting framework developed in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973). Under that framework, a plaintiff must set forth "facts adequate to permit an inference of discrimination." *Holifield*, 115 F.3d at 1562. That can be done by establishing a prima facie case which creates a rebuttable presumption that the employer unlawfully discriminated against the employee. *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004).

Once a plaintiff has established a prima facie case, the burden shifts to the employer to produce "legitimate, nondiscriminatory reasons for the challenged employment action." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1528 (11th Cir. 1997). Producing evidence (whether ultimately persuasive or not) of legitimate nondiscriminatory reasons for its actions is enough for the employer to satisfy its burden. *See id.*

If a defendant carries its burden of production, the initial presumption of discrimination established by the plaintiff's prima facie case evaporates. *Wilson*, 376 F.3d at 1087. "[A]nd the burden of production shifts to the plaintiff to offer evidence that the alleged reason of the employer is a pretext for illegal discrimination." *Id.* "If the proffered reason is one that might

motivate a reasonable employer, a plaintiff cannot recast the reason but must meet it head on and rebut it." *Id.* at 1088.

> Under *McDonnell Douglas*, a plaintiff establishes a prima facie case of race discrimination under Title VII by showing: **(1) he belongs to a racial minority; (2) he was subjected to adverse job action; (3) his employer treated similarly situated employees outside his classification more favorably; and (4) he was qualified to do the job.** *McDonnell Douglas Corp.*, 411 U.S. at 802, 93 S.Ct. at 1824, 36 L.Ed.2d at 677; *Coutu v. Martin Cty. Bd. of Cty. Commissioners*, 47 F.3d 1068, 1073 (11th Cir.1995); *Turnes v. AmSouth Bank, N.A.*, 36 F.3d 1057, 1060 (11th Cir.1994). *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993). **Demonstrating a prima facie case is not onerous; it requires only that the plaintiff establish facts adequate to permit an inference of discrimination.** *Williams v. Ford Motor Co.*, 14 F.3d 1305, 1308 (8th Cir.1994). See *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253-54, 101 S.Ct. 1089, 1093-4, 67 L.Ed.2d 207 (1981).

*Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997) (emphasis added).

**Plaintiff Grant has plainly demonstrated adverse employment action.**

In *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161 (11th Cir. 2003), the Eleventh Circuit, examined the prima facie case of retaliation under Title II of the ADA. 344 F.3d at 1181-84.  The Eleventh Circuit has stated that "[a]n employment action is considered adverse only if it results in some tangible, negative effect on the plaintiff's employment. *Lucas*, 257 F.3d at 1261." *Id.*  "Thus, an employee must show a serious and material change in the terms, conditions, or privileges of employment ... as viewed by a reasonable person in the circumstances. *Davis*, 245 F.3d at 1239." *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1181-1182 (11th Cir. 2003) (internal quotation omitted). An adverse action must meet a threshold level of substantiality before it can serve as the basis of a retaliation claim. *Higdon v. Jackson*, 393 F.3d 1211, 1219 (11th Cir. 2004) (citing *Wideman v. Wal-Mart Stores*, Inc., 141 F.3d 1453, 1456 (11th Cir. 1998) (internal quotation omitted).

Here, Plaintiff Grant's notice of termination of employment, following her notice of intent to retire in February 2017, plainly meets the standard of adverse employment action under the law.  Certainly, a reasonable person in her position would view the termination of employment as adverse and resulting in some tangible, negative effect.  See, e.g. *Jones v. Aaron's Inc.*, 748 Fed. Appx. 907, (11th Cir. 2018).

Therefore, because Plaintiff Grant has plainly demonstrated adverse employment action under facts and law, the Defendant's argument fails.

**Grant can prove she was treated less favorably than similarly situated employees outside of her protected class.**

Plaintiff Grant alleges that her removal as Art Teacher at Wetumpka High School was adverse employment action by Defendants that discriminated against her by limiting, segregating, or classifying her in a way that adversely affected the opportunities or status of her employment as all employee among the protected class of disabled persons as well as disparate treatment among members of a protected class, namely as an African American, disabled person over 40 years of age.  On or about June 2017, the Board hired a replacement Art Teacher in Plaintiff Grant's current position who was Caucasian, non-disabled, and substantially younger than Plaintiff Grant. (Grant Depo., February 21, 2020, pp. 94:1-23).

Therefore, because Plaintiff Grant has plainly shown a comparator ECBOE employee under facts and law, the Defendant's argument fails.

**The Plaintiff can show that the Defendants' proposed legitimate, nondiscriminatory reason for her termination is pretextual.**

Under the *McDonnell Douglas* framework, a plaintiff first must establish a *prima facie* case of discrimination that creates a presumption the employer unlawfully discriminated against her. *Flowers v. Troup Cty. School Dist.,* 803 F.3d 1327, 1336 (11th Cir. 2015). If the plaintiff

12

establishes a *prima facie* case, the burden of production then shifts to the employer to articulate a "legitimate, non-discriminatory reason" for the challenged employment action. *Id.* If the employer satisfies this burden, the burden shifts back to the plaintiff to demonstrate that the proffered reason is merely a pretext for unlawful discrimination. *Id.*

A plaintiff may show pretext by demonstrating " such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in [the employer's] proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Springer v. Convergys Customer Mgmt. Grp., Inc.*, 509 F.3d 1344, 1348 (11th Cir. 2007). *See also*, *Word v. AT&T*, 576 Fed.Appx. 908 (11th Cir. 2014).

> To survive summary judgment, the plaintiff must then "come forward with evidence, including the previously produced evidence establishing the prima facie case, sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." Id. (quoting *Combs v. Plantation Patterns*, 106 F.3d 1519, 1528 (11th Cir. 1997)); see also *Reeves*, 530 U.S. at 143, 120 S.Ct. at 2106; *Perryman*, 698 F.2d at 1142.

*Cooper v. Southern Co.*, 390 F.3d 695, 725 (11th Cir. 2004).

> Similarly, an employer's deviation from its own standard procedures may serve as evidence of pretext. See *Bass v. Bd. of County Com'rs, Orange County, Fla.*, 256 F.3d 1095, 1108 (11th Cir. 2001) (stating that employer's violation of its own hiring procedure could be evidence of pretext); accord *Rudin v. Lincoln Land Community Coll*, 420 F.3d 712, 727 (7th Cir. 2005) ("An employer's failure to follow its own internal employment procedures can constitute evidence of pretext.").

*Hurlbert v. St. Mary's Health Care System, Inc.*, 439 F.3d 1286, 1299 (11th Cir. 2006).

There are multiple weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in Defendant's proffered legitimate reasons for its actions that a reasonable factfinder could find unworthy of credence.

In deposition testimony, Dana James, the ECBOE Payroll Coordinator, testified that she had a conversation with Principal Slater regarding Plaintiff Grant's disability retirement application and the pending in-service deadline.  She advised Principal Slater that if Plaintiff Grant could be placed on Leave of Absence that the imminent conflict with Plaintiff Grant's RSA disability application could be avoided.  Ms. James suggested that Principal Slater discuss the matter with Plaintiff Grant.  (James Depo., March 3, 2020, pp. 48:22 to 53:1)

Ms. James testimony is inconsistent with Principal Slater's testimony as contained in pertinent part as follows:

> Dr. Slater recalls having a brief conversation withMs. Grant regarding her intent to retire because she had completed and submitted her intent to retire form but had not attached the *additional* required retirement letter to the form. (Exh. C, Robbie Slater's Depo., pp. 48-49, ll. 23-18; Exh. O, Slater Aff., ¶5). Dr. Slater reminded Ms. Grantthe letter of retirement was also required to be attached with the form and both were due to be submitted to the Central Office in March of 2017. (*Id.*) During Dr. Slater's conversation with Ms.Grant, he did not ask Ms. Grant to resign/retire or question Ms. Grant's decision and intention to retire. (Exh. C, Robbie Slater's Depo., p. 47, ll. 14-19, pp. 49-50, ll. 19-3; Exh. O, Slater Aff., ¶6). In fact, Ms. Grant made it clear to Dr. Slater that she was unequivocally retiring from teaching at the end of the 2016-2017 school year. (Exh. C, Robbie Slater's Depo., p. 55, ll. 14-23; Exh. O, Slater Aff., ¶6*).* Dr. Slater does not recall ever meeting with Ms. Grant or talking to her again regarding her retirement decision. (Exh. O. Slater Aff., ¶6).

Defendants' Joint Motion for Summary Judgment, July 12, 2021, p. 4.

As previously stated, tThe Elmore County Board of Education's Personnel Handbook states in pertinent part that:

> **Resignations**
> All employees must notify the Board 30 calendar days in advance of the next scholastic year if planning to resign. During the scholastic year, employee resignations require a 30-day written notice to the Elmore County BOE. Any employee resigning in any other manner than herein provided shall be deemed guilty of unprofessional conduct and the State Superintendent by authority of Section 16-24-1, *Code of Alabama*, is authorized to revoke or suspend the certificate of the employee.

Plaintiff's Exhibit 5, ECBOE Personnel Handbook, PP.16-17.

The EBOE Personnel Handbook describes a two-prong process by which an employee submits notice of planning to retire (with attached letter of intent) and subsequently a notice of resignation.

Plaintiff Grant never submitted an affirmative resignation letter in writing to the Elmore County Board of Education through the Superintendent. (Plaintiff's Exhibit 1- Grant Affidavit). Plaintiff Grant only submitted a statement of intent of plan to retire at the end of the 2016-2017 school year with required intent of plan letter attached.

Plaintiff Grant's testimony is that she first spoke to Principal Slater in May of 2017 (not March of 2017) regarding her plan to retire. At that meeting Principal Slater stated, "why don't you just resign." Principal Slater's statement indicates his knowledge that Plaintiff Grant had not yet submitted a letter of resignation. (Grant Depo., February 21, 2020, pp. 45:12-23).  Plaintiff Grant testified that she answered Principal Slater stating that she was not retiring and that she was in still in process of completing her RSA disability retirement application. (Grant Depo., February 21, 2020, pp. 45:12-23).

Additionally, and importantly, Plaintiff Grant had a well-known history of voicing her concerns of racial bias and discrimination in the Elmore County School District to the Principal, Superintendent, and Board, including Principal Slater and Superintendent Dennis (during his tenure as Principal at WHS), during her employment by the ECBOE.  Among numerous complaints and objections presented by Plaintiff Grant were written opposition to Unitary Status for the District under *Lee v. Macon Co., et al. 2:30-cv-03103* (Grant Depo., February 21, 2020, pp. 32:13-15); complaints regarding students allowed by faculty to display Nazi insignia (Grant Depo., February 21, 2020, pp. 193: 20-23 to 194: 1-1245:12-23); and complaints to faculty

members comments of "hanging" other black teachers, (Grant Depo., February 21, 2020, pp. 45:12-23).

Therefore, because Plaintiff Grant has plainly shown weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons, these genuine issues of material fact only proper for a finder of fact at trial. The Defendant's argument fails.

**Grant can establish Age Discrimination in Violation of ADEA.**

To make out a prima facie case of age discrimination, the Plaintiff Grant must show four things: " (1) that she was a member of the protected group of persons between the ages of forty and seventy; (2) that she was subject to adverse employment action; (3) that a substantially younger person filled the position that she sought or from which she was discharged; and (4) that she was qualified to do the job for which she was rejected." *Kragor v. Takeda Pharmaceuticals America, Inc.*, 702 F.3d 1304, 1308-1309 (11th Cir. 2012) (citing *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1359 (11th Cir. 1999).

Ms. Grant is a person over forty years of age and qualified for her position as Art Teacher.  Employer ECS was on notice of Ms. Grant's age because of her employment record, at all times material.  Plaintiff Grant was replaced with a person of significantly younger age than the Ms. Grant's age as Art Teacher at Wetumpka High School.  The Employer ECBOE and its employees conduct as described supra constitutes discrimination based on age discrimination in violation of ADEA. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

Therefore, because Plaintiff Grant has plainly shown genuine issues of material fact only proper for a finder of fact at trial. The Defendant's argument fails.

**The individual defendants are not entitled to qualified immunity.**

The individual defendants claim qualified immunity as to the § 1983 race claim against them.  Defendants make this argument only in the most generic way, ignoring the fact that the claim is for intentional race discrimination. Intentional employment discrimination based on race is, of course, violative of clearly established constitutional law. *Smith v. Lomax*, 45 F.3d 402, 407 (11th Cir. 1995). Defendants cite no authority that could have allowed them to believe otherwise.

Plaintiff does not understand Defendants to be making an argument that qualified immunity would nonetheless allow them to intentionally discriminate on the basis of race "a little bit," so to speak, by transferring employees against their will to less prestigious or desirable positions and then claiming that it was not perfectly clear that the exact circumstances of the case made that an "adverse employment action." They have waived any such argument by not making it clearly and by not explaining it in any degree.

Furthermore, any such argument, if made, would be a perversion of the purposes of qualified immunity; and any caselaw allowing such an argument should be overruled. Qualified immunity exists to allow government officials to make difficult decisions when the public interest demands action in areas of legal uncertainty. There is no public good to be served by letting employers, motivated by the desire to discriminate on the basis of race, discriminate on the basis of race in ways that they could perhaps argue are not severe enough to be actionable.

<u>CONCLUSION</u>

Plaintiff Grant agrees there are no genuine issues of material facts as to Count two (2), Count (3), Count six (6) and Count seven (7).  As to the remaining counts, it is plain there are genuine issues of material fact, only proper for a finder of fact at trial.  Therefore, then Defendant's Joint Motion for Summary Judgment is due to be denied in part.

17

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully moves the Court to deny Defendant's Joint Motion for Summary Judgment, and for other such different and appropriate relief under law and as justice may require.

Done this the 10th day of August, 2021.

Respectfully submitted,

J. Carlton Sims, Jr. (SIM091)
Post Office Box 373
Montgomery, AL 36101-0373
(334) 328-2294
Attorney for Plaintiff Fagale S. Grant

Gary E. Atchison (ATC004)
P.O. Box 2002
Montgomery, AL 36102-2002
(334) 354-2000
ASB-5505-O59G
Attorney for Plaintiff Fagale S. Grant

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August 2021, I served the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing and or via U.S. Mail, properly addressed, and postage prepaid to the following:

Dana Bolden Hill, Esq.
Hill, Hill, Carter, Franco, Cole & Black, P.C.
31 Inverness Center Parkway, Suite 120
Birmingham, AL 35242
Email: dhill@hillhillcarter.com

John W. Marsh, Esq.
Allison Alford Ingram, Esq.
Ball, Ball, Matthews & Novak, P.A
445 Dexter Avenue, Suite 9045
Montgomery, Alabama 36102-2148
Email: jmarsh@ball-ball.com
Email: ala@ball-ball.com

J. Carlton Sims, Jr. (SIM091)
Attorney for Plaintiff Fagale S. Grant